IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:20-cv-00106-MR-DSC

| | |
|---|---|
| BRIAN F. DAVIS, as guardian ad litem for N.A.W., a minor,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>DOLLAR GENERAL CORPORATION, )<br>DOLGENCORP, LLC, and CUDLIE )<br>ACCESSORIES, LLC, )<br>)<br>Defendants.  )<br>_____ ) | **ORDER APPROVING<br>MINOR SETTLEMENT** |

**THIS MATTER** is before the Court on the Plaintiff's Unopposed Motion to Approve Settlement [Doc. 47].

## BACKGROUND

This products liability case arises out of the severe and permanent amputation injuries N.A.W.[1] sustained as a result of a defective and unreasonably dangerous "Swiggles" brand infant mitten. [Doc. 45 at ¶ 1]. On April 29, 2020, the Plaintiff[2] filed the instant lawsuit against the

---

[1] The minor child's full name and date of birth are set forth in the Sealed Addendum to Order Approving Minor Settlement, which has been entered contemporaneously herewith.

[2] This action was filed by N.A.W.'s father, Dylan Wimberly, on behalf of N.A.W. [See Doc. 1]. Following the mediation of this matter, the Magistrate Judge appointed Brian F. Davis

Defendants Dolgencorp LLC and Dollar General Corporation to recover for N.A.W.'s injuries caused by the subject mitten's defective, unmerchantable, unfit, and unreasonably dangerous condition. [Doc. 1]. On January 12, 2021, and with leave of Court, the Plaintiff filed the First Amended Complaint to add claims against the subject mitten's manufacturer, Cudlie Accessories LLC. [See Doc. 30]. On July 27, 2021, the Court granted leave for the Plaintiff to file the Second Amended Complaint, which is the Plaintiff's operative pleading. [Docs. 44, 45].

On May 19, 2021, the parties attended a mediated settlement conference that resulted in a full and complete settlement of all issues in the case. [Doc. 40]. Because the parties' proposed settlement implicates the rights and property of a minor child, the Plaintiff now moves for Court approval of the settlement. [Doc. 47].

On September 1, 2021, this matter came on for final hearing before the Court. Present for the proceeding were attorney Steven E. Nauman, as counsel for the Plaintiff; attorney John E. Spainhour, as counsel for the Defendants Dollar General Corporation and Dolgencorp, LLC; attorney Wyatt S. Stevens, as counsel for the Defendant Cudlie Accessories, LLC;

---

as guardian *ad litem* and allowed the filing of a Second Amended Complaint substituting Mr. Davis as the party plaintiff. [Doc. 44].

attorney Brian F. Davis, as guardian *ad litem* for the minor N.A.W.; and Dylan Wimberly and Nicole Neil, as parents and legal guardians of the minor child N.A.W. Prior to the hearing, the Court reviewed the following documents with respect to the Plaintiff's Unopposed Motion to Approve Settlement: (1) Confidential Settlement Agreement and Release of All Claims [Doc. 48-1]; (2) USAA Annuity Proposal for N.A.W. [Doc. 48-2]; (3) USAA Life Insurance Company Rating Flyer [Doc. 48-3]; (4) N.A.W.'s Birth Certificate [Doc. 48-4]; (5) Photographs of N.A.W.'s Injury Over Time [Doc. 48-5]; (6) Medical Records from Harris Regional Hospital [Doc. 48-6]; (7) Medical Records from Mission Children's Specialists [Doc. 48-7]; (8) Medical Records from Murphy Medical Center [Doc. 48-8]; (9) Attorney Representation Agreement [Doc. 48-9]; (10) Itemized Expense Report [Doc. 48-10]; (11) North Carolina Medicaid Lien Amount [Doc. 48-11]; (12) Affidavit of Brian F. Davis, Guardian *ad Litem* [Doc. 48-12]; and (13) Declaration of Steven E. Nauman [Doc. 48-13].

## **FINDINGS OF FACT**

1. At the hearing on September 1, 2021, the Court requested that counsel for the Plaintiff and the Defendants give a forecast of their trial evidence and provide a candid evaluation of the strengths and weaknesses of the Plaintiff's claims and any defenses thereto. The parties complied with

the Court's request and proffered the following details surrounding the factual and legal circumstances of this matter.

2. N.A.W.'s father purchased the subject mitten at a Dollar General retail store located in Murphy, North Carolina. On the evening of February 23, 2018, the subject mitten was placed on N.A.W.'s right hand as she was laid down to sleep for the night. The Plaintiff alleges that a loose loop of string from the subject mitten's stitching was hidden inside the subject mitten and that this condition went undetected by N.A.W.'s parents. The Plaintiff alleges that, as N.A.W. slept, this loose loop of string became tied around N.A.W.'s right index finger, cut off circulation, and ultimately led to the finger's amputation at the distal interphalangeal joint.

3. As noted by the Plaintiff's counsel, the evidence presented a strong case of liability. The Plaintiff's counsel had retained a liability expert, who was expected to testify that the alleged defect at issue was a recognized problem in the garment industry and could have been eliminated using a different manufacturing technique. The Plaintiff's liability expert was also prepared to testify that it was considered a standard within the garment industry to inspect for such defects. While the Defendants' counsel believed they could challenge some of this expert's opinions through a pretrial

Daubert[3] motion, they also recognized that the proposed testimony of this expert presented a strong basis for a products liability claim against the Defendants.

4. With respect to damages, the Plaintiff's counsel noted that the product defect in this case resulted in partial amputation of a young child's finger. Counsel for both sides acknowledged that this type of permanent disfiguration, along with the psychological injuries attendant thereto, could result in a significant damages award from a jury. The Plaintiff's counsel also acknowledged, however, that a significant damages award was not guaranteed, and that the relatively low amount of medical expenses could result in a lower compensatory damages award overall.

5. In deciding to settle the matter, the Plaintiff's counsel and her parents also considered the future value of the proposed settlement amount. As it stands, the minor child will receive payments upon reaching the age of majority and continuing into adulthood, and that these payments could be "life-changing" in their impact. At the rates that are available currently, the funds provided by the settlement will result in a greater amount of funds

---

[3] Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).

payable to the minor child in the future. For all these reasons, the parties believe that the settlement reached is a fair resolution to the Plaintiff's claims.

6. At the hearing held on September 1, 2021, Dylan Wimberly and Nicole Neil, as the natural parents and guardians of N.A.W., acknowledged that they:

(a) had read the settlement documents filed in this matter, including the Settlement Agreement and Release, and that they understand and assent to the terms thereof.

(b) had an adequate opportunity to confer with counsel regarding their decision to settle this matter.

(c) understand that the settlement documents propose that certain consideration be paid for the benefit of the minor child.

(d) believe, in their capacity as parents of the minor child, that the proposed settlement is fair and reasonable for the minor child under the circumstances of this case, particularly as to the nature of the settlement, the amount of monetary payments to be made under the settlement, and the proposed disbursements of the settlement funds.

(e) understand that, if the Court approves the Settlement Agreement and Release, the consideration due will be provided as described in the settlement documents filed herewith.

(f) understand that the monies paid for the benefit of the minor child belong to the minor child and not to them, and that they may not use any such monies for typical parental expenditures such as for food, clothing, shelter, healthcare, or other maintenance costs associated with raising children.

(g) understand that, if the Court approves the Settlement and Release Agreement, the provision of the consideration for the settlement by the Defendants will terminate any claims of the minor child against the Defendants. They further acknowledged that they understand that their decision to accept the Settlement and Release Agreement on behalf of the minor child will bind the minor child and said child will be enjoined from seeking any future redress against the Defendants, pursuant to the Settlement Agreement and Release, based upon the acts and omissions alleged in the Amended Complaint.

7. At the hearing held on September 1, 2021, the guardian *ad litem*, Brian F. Davis, acknowledged that he:

(a) has read the settlement documents filed in this matter, including the Settlement Agreement and Release, and that he understands and assents to the terms thereof.

(b) is satisfied, in his capacity as guardian ad litem for the minor child, that the proposed settlement is fair and reasonable for the minor child under the circumstances of this case, particularly as to the nature of the settlement, the amount of monetary payments to be made under the settlement, and the proposed disbursements of the settlement funds.

8. Based on all the foregoing, the Court finds that the Settlement Agreement and Release is fair and reasonable under all of the circumstances of this case; that the consideration to be provided under the terms of that Agreement is fair and reasonable; and that the proposed disbursement of such consideration is fair and reasonable.

9. The Court finds that the attorney's fee requested by Plaintiff's counsel is fair and reasonable upon considering the factors outlined by <u>In re Abrams & Abrams, P.A.</u>, 605 F.3d 238, 244 (4th Cir. 2010), including the skill of the work performed and the degree of success obtained for N.A.W. The Court additionally finds that the costs of litigation requested by the Plaintiff's counsel are fair and reasonable, and were necessary to effectively prosecute this matter.

## **CONCLUSIONS OF LAW**

**WHEREFORE,** based upon the foregoing findings of fact, the Court concludes as a matter of law that:

1. Minors, because they are legally incompetent to transact business or give consent for most purposes, need responsible, accountable adults to handle property or benefits to which they are or become entitled. N.C. Gen. Stat. § 35A-1201(a)(6).

2. The Plaintiff Brian F. Davis, acting in his capacity as guardian *ad litem* for the minor child, is competent in all respects and is able to understand the ramifications of the settlement agreement and release, as well as the effect such agreement would have upon the minor child, and is competent and able to execute his duties accordingly.

3. Having reviewed the details of the structured settlement annuity for the minor child, including payment dates and amounts, the Court finds that the extent, nature, and amount of recovery for the minor child are all fair and reasonable, and the disbursement of such funds as provided in the Settlement Agreement and Release is in the best interests of the minor child.

4. The disbursement of the settlement proceeds, as set forth in the Settlement Agreement and Release, benefits the minor child by the way in which the funds are to be disbursed. The parties have specifically informed the Court that all are in agreement as to the manner of distribution set forth therein and are capable of carrying into effect the same.

5. By assenting to the Settlement Agreement and Release, the Plaintiff, as guardian *ad litem*, and N.A.W.'s parents have bound the minor child herein in the same manner as if such minor had consented to the settlements as an adult.

6. The settlement and release agreement should be approved.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Unopposed Motion to Approve Settlement [Doc. 47] is **GRANTED**, and the parties' settlement of this matter is hereby **APPROVED**;

(2) Brian F. Davis, Dylan Wimberly, and Nicole Neil are hereby authorized to execute all documents necessary on behalf of N.A.W. to effect the terms and conditions of the parties' settlement, including any qualified assignment and release agreements within the purview of Section 130(c) of the Internal Revenue Code of 1986, as amended;

(3) The Court approves and authorizes disbursement of the settlement proceeds as set forth in the Sealed Addendum to this Order, which is incorporated herein and entered contemporaneously herewith; and

(4) The parties shall file a stipulation of dismissal with respect to all the Plaintiff's claims against the Defendants within thirty (30) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: September 6, 2021

Martin Reidinger
Chief United States District Judge